UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-20021-CR-GAYLES
Chief Magistrate Judge Jonathan Goodman

**UNITED STATES OF AMERICA**

vs.

**JIN SUNG-IL,**
    a/k/a "진성일,"
    a/k/a "Jin Song-Il,"
    a/k/a "Pedro Alonso,"
    a/k/a "Richard Stewart,"
    a/k/a "Stewart Conn,"
    a/k/a "Kelsey Bane,"
**PEDRO ERNESTO ALONSO DE LOS REYES,**
**ERICK NTEKEREZE PRINCE,**
    a/k/a "Eric Prince",
**PAK JIN-SONG,**
    a/k/a "박진성,"
    a/k/a "Glaus Li,"
and
**EMANUEL ASHTOR,**
    a/k/a "Ndagijimana Emmanuel,"

        Defendants.
_____/

**[Proposed] PROTECTIVE ORDER**

      The Government has filed a motion for a protective order [ECF No. 24] ("Motion"). In the Motion, the Government asks the Court to regulate the disclosure to defense counsel of sensitive information. *Id*. Having found good cause, the Court hereby **ORDERS** and **ADJUDGES** as follows:

      1)    The Motion [ECF No. 24] is **GRANTED**.

      2)    The Government shall disclose to the Defendants sensitive information in its possession as it deems necessary to comply with its discovery obligations.

3) The Government shall mark the portion of the discovery that includes sensitive information as "Confidential." If defense counsel believes that any material marked "Confidential" should not be marked "Confidential," defense counsel may file a motion requesting that the "Confidential" marking be removed from any such material;

4) Defense counsel shall hold the Confidential portion of discovery in strict confidence. Defense counsel shall restrict access to this discovery and shall disclose this discovery to the Defendants, to office staff, to investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of this case and in a manner that will prohibit the disclosure of this discovery to others not involved in the defense.

5) Defense counsel shall advise any person to whom the Confidential portion of the discovery is disclosed that such information shall be held in strict confidence and that further disclosure or dissemination without defense counsel's express written consent is prohibited.

6) Defense counsel shall obtain a certification from each person to whom the Confidential portion of the discovery is disclosed, in which the recipients must (a) acknowledge the restrictions set forth in this Order and (b) agree that they will not disclose or disseminate the information without defense counsel's express written consent. Defense counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which that information was first disclosed.

7) Subject to the terms of the Protective Order, defense counsel may provide the Defendants with unredacted copies of the discovery for their review.

8) Defense counsel agrees that, when this case is over, it will destroy (or return to the Government) the Confidential discovery it received.[1]

9) Counsel for the United States and for the Defendants shall promptly report any known violations of the Court's order to the Court.

**DONE AND ORDERED** in chambers at Miami, Florida, this _____ day of February, 2025.

_____
**HONORABLE DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record

---

[1] The case will be considered over at the conclusion of any appellate and § 2255 proceedings or, if the Defendant doesn't appeal or file a habeas petition, when the period for appealing or filing a habeas petition has expired.